UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY KOEPP,

      Plaintiff,

v.                                        Case No. 8:07-cv-1755-T-24 MAP

BANK OF AMERICA,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 7). Defendant opposes the motion. (Doc. No. 8).

**I. Background**

Plaintiff filed suit against Defendant in state court on August 24, 2007 alleging disability discrimination and retaliation under the Florida Civil Rights Act. Defendant timely removed the case to this Court on September 26, 2007. In its Notice of Removal, Defendant stated that this Court had diversity jurisdiction, because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In the complaint, Plaintiff does not allege a specific amount of damages that she is seeking. Instead, she claims that the amount in controversy exceeds $15,000. However, because Plaintiff seeks "compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, . . . [and]

attorneys' fees," Defendant estimates that the amount in controversy easily exceeds $75,000.[1]

## II. Motion to Remand

In response to the removal, Plaintiff filed the instant motion to remand. In the motion, Plaintiff states that she is willing to stipulate that her damages do not exceed $75,000. Defendant opposes the motion, arguing that while Plaintiff will stipulate that her damages do not exceed $75,000, she is not willing to stipulate that she will not *accept* an amount in excess of $75,000 if a court or jury awarded her more than $75,000.

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, since Plaintiff has not pled a specific amount of damages in her complaint. See Williams v. Best Buy, 269 F.3d 1316, 1319 (11th Cir. 2001)(citation omitted). Removal statutes are construed narrowly, and uncertainties are resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

Plaintiff has stated that she is willing to stipulate that her damages do not exceed $75,000. As stated by the court in Burns[2]:

> Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal. So,

---

[1] For example, based on Plaintiff's salary and benefits at the time that her employment ended, Defendant estimates that by the time of trial, the amount of back pay and benefits that she would be seeking would exceed $64,000. Defendant further estimates that her claim for other compensatory damages, punitive damages, and attorneys' fees will exceed $11,000.

[2] This Court notes that in Burns, the plaintiff sought "such sum as the jury determines to be just, lawful, and fair, but not more than $45,000 plus costs," and at that time, the jurisdictional amount for diversity jurisdiction was $50,000. See Burns, 31 F.3d at 1094. In the instant case, Plaintiff does not allege a specific amount that she is seeking in her complaint, but she has stated in a document filed with the Court that she is willing to stipulate that her damages do not exceed $75,000. As such, this Court finds the Burns court's observations to be instructive.

> plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume-unless given reason to do so-that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

Id. Given Plaintiff's statement to this Court that she is willing to stipulate that her damages do not exceed $75,000, the Court assumes that if the case is remanded, the state court will hold Plaintiff to this stipulation and not allow an award in excess of $75,000.

Based on Plaintiff's representation to this Court, and given that uncertainties are to be resolved in favor of remand, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, the Court lacks diversity jurisdiction over this case and will remand this case back to state court.[3] However, the Court finds that Plaintiff's request for attorneys' fees and costs incurred in connection with this motion should be denied.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED** to the extent that the Court will remand this case; it is **DENIED** to the extent that Plaintiff requests attorneys' fees and costs.

---

[3]This Court notes that it recently reached a similar conclusion in a case before Judge Moody, Travan v. Aluma Systems Concrete Construction, LLC, 8:06-cv-362-T-30-MSS, which is attached to Doc. No. 1 in this case.

3

(2) The Clerk is directed to remand this case to state court and then close this case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of November, 2007.

> SUSAN C. BUCKLEW
> United States District Judge

Copies to:
Counsel of Record